# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| COURTESY PROPERTIES, LLC, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>S&ME, INC., ATKINS NORTH )<br>AMERICA, INC., and CFN (I-20), )<br>INC., d/b/a CADILLAC )<br>FAIRVIEW, )<br>)<br>    Defendants. ) | CIVIL ACTION NO.<br>1:20-CV-2097 |

## S&ME'S MOTION TO STRIKE AND OBJECTION TO THE AFFIDAVIT OF DENNIS A. HUCKABA, P.E. AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW S&ME, Inc. ("Defendant" or "S&ME"), a Defendant in the above-captioned action, and, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, files this Motion to Strike[1] and Objection[2] to the Affidavit of Dennis A. Huckaba, P.E. because it is legally insufficient, immaterial, impertinent, redundant,

---

[1] S&ME recognizes that the issue as to whether an expert affidavit attached to a complaint is subject to a Motion to Strike is unsettled law, as more fully addressed below and in S&ME's forthcoming filings. However, for the purposes of this Motion, S&ME assumes that an expert affidavit attached to and incorporated in a complaint is subject to Fed. R. Civ. P. 12(f).

[2] In recognition that this Court does not generally entertain motions to strike affidavits and instead relies on objections to affidavits as the proper mechanism for challenging the content of an affidavit, see *Smith v. Southeastern Stages, Inc.*, 479 F. Supp. 593 (N.D. Ga. 1977), S&ME characterizes its filing as both an objection and a motion to strike.

1

scandalous, and the interests of justice so require. In support of its objection and motion, S&ME states the following:

## I.  INTRODUCTION

On April 14, 2020, Plaintiff Courtesy Properties, LLC (hereinafter "Plaintiff" or "Courtesy") filed the instant suit against S&ME, a professional engineering company, asserting, among other causes of action, a claim of professional negligence. See Pl.'s Am. Compl. ¶¶ 57-60; 78-85. Plaintiff attached an affidavit by Dennis A. Huckaba, P.E. (hereinafter "Affidavit" or "the Huckaba Affidavit") in which Mr. Huckaba opines that the plans, specifications, services, and reports S&ME prepared and provided to Courtesy deviated from the applicable professional standard of care. See Pl.'s Am. Compl., Ex. H. The Huckaba Affidavit and all the allegations and opinions therein are attached to and offered in support of the allegations in the Amended Complaint. See Pl.'s Am. Compl. ¶ 46.

In various respects, the Huckaba Affidavit does not comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, the Civil Local Rules of this Court, or precedent from this Court and the Eleventh Circuit. Thus, the Court should strike the affidavit in its entirety, as well as any allegations in the Amended Complaint that reference or rely on the Affidavit.

## II.   ARGUMENT AND CITATION TO LEGAL AUTHORITY

There are three reasons why the Court should strike the Huckaba's Affidavit. First, the Huckaba Affidavit is immaterial and impertinent because it cannot be considered by the Court at this stage of the litigation. Second, the Huckaba Affidavit presents scandalous allegations based on documents that are not in the record, and are not attached to the Affidavit. Third, the Huckaba Affidavit is defective because it relies on documents that have not been properly authenticated and presents legal conclusions as opinion. In fact, the Affidavit is so tainted, and Courtesy has acted with such clear disregard for established law, that the Court should not parse through each allegation in the Huckaba Affidavit. Instead, S&ME submits that the Court should strike the entire filing.

**A. Federal Rule of Civil Procedure 12(f) Requires that the Huckaba Affidavit be Stricken from the Record Because it is Immaterial and Impertinent.**

Motions to strike allow S&ME to challenge "any redundant, immaterial, impertinent, or scandalous matter" presented in a pleading. Fed. R. Civ. P. 12(f) (as amended 2009). District courts have the inherent authority to strike pleadings when they fail to meet the standards set out in the Federal Rules. *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996); see also *Byrne v. Nezhat*, 261 F.3d 1075, 1129-31 (11th Cir. 2001) (encouraging district courts to strike pleadings containing insufficient factual allegations pursuant to Federal Rule of Civil Procedure 12(f)(1)),

3

*abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011).

The Huckaba Affidavit purports to be an expert affidavit attached to the Amended Complaint, but in federal court, at this stage of litigation, the Affidavit is immaterial and impertinent. As explained by the Fifth Circuit Court of Appeals, an expert opinion attached to a complaint is immaterial because it should not be considered at the beginning stages of a case—particularly when evaluating a complaint under the standards of Rule 12(b)(6):

> allowing [Courtesy] to rely on an expert's opinion in order to state [a professional malpractice claim] requires a court to "confront a myriad of complex evidentiary issues not generally capable of resolution at the pleading stage." In addition, considering such opinions might require ruling on the expert's qualifications. This would be inappropriate at the pleading stage.

*Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 285–86 (5th Cir. 2006); see also *Smith v. Hogan*, 794 F.3d 249, 254 (2d Cir. 2015) (discussing circuit split and aligning with those courts finding that an affidavit may not be considered as part of a complaint under Rule 10(c)). Federal district courts across the county have come to the same conclusion, striking expert affidavits attached to complaints pursuant to Rule 12(f) on the grounds that the affidavits were immaterial and improper.[3]

---

[3] See *Mazzeo v. Nature's Bounty, Inc.*, No. 14-CV-60580, 2015 U.S. Dist. LEXIS 34242, *6, 2015 WL 1268271 (S.D. Fla. Mar. 19, 2015) (striking an expert report attached to complaint, but considering the expert's factual statements incorporated into the complaint); *Brothers v. Saag*, No. 4:13-CV-466, 2014 U.S. Dist. LEXIS

4

Similarly, the Court should strike the Huckaba Affidavit because it is immaterial to Plaintiff's claim at this stage of the litigation.

Courtesy appears to have filed the Huckaba Affidavit in an attempt to satisfy Georgia's procedural rule regarding professional malpractice claims. See O.C.G.A. § 9-11-9.1. However, consistent with the Fifth Circuit's observation, the federal district courts in Georgia have resoundingly rejected the contention that claimants are required to file such expert affidavits pursuant to O.C.G.A. § 9-11-9.1. See *Brown v. Nichols*, 8 F.3d 770, 773 (11th Cir. 1993) (noting that the Georgia expert affidavit requirement had never been held applicable to diversity actions in federal court); *Stidham v. United States*, 1:13-CV-1093-TWT, 2014 U.S. Dist. LEXIS 57, 2014 WL 25584, at *2 (N.D. Ga. Jan. 2, 2014) (Thrash, J.) (collecting cases and concluding, again, that O.C.G.A. § 9–11–9.1 does not apply to actions in federal court).[4] Instead, this Court applies the applicable Federal Rules regarding expert

---

27275, 2014 WL 838890 at *5-6 (N.D. Ala. Mar. 4, 2014) (considering expert's factual statements in deciding motion to dismiss an amended complaint but disregarding expert's opinions); *In re Advanced Battery Tech,. Inc. Secs. Litig.*, No. 11 Civ. 2279, 2013 U.S. Dist. LEXIS 102325, 2013 WL 3784134, at *4 (S.D.N.Y. July 18, 2013) (inappropriate to incorporate expert testimony into complaint as a means of bolstering allegations); *Meeks v. Murphy Auto Grp., Inc.*, No. 8:09-cv-1050, 2009 U.S. Dist. LEXIS 101063, 2009 WL 3669638 (M.D. Fla. Oct. 30, 2009) (striking expert report on the basis that inclusion of such expert opinions as part of the plaintiff's complaint is contradictory to the pleading requirements set forth in Fed. R. Civ. P. 8).

[4] *Zurich Am. Ins. Co. v. Sheffer Eng'g Co., Inc.*, Civ. A. 109–cv–666–RWS, 2011 U.S. Dist. LEXIS 9733, 2011 WL 344095, at *4 (N.D. Ga. Jan. 31, 2011) (Story, J.) ("[T]his Court has consistently held that O.C.G.A. § 9–11–9.1 does not apply in

discovery to expert affidavits. See *Durden v. NaphCare, Inc.*, No. 1:14-CV-1163-RWS, 2016 U.S. Dist. LEXIS 121078, 2016 WL 4701034, at *3 (N.D. Ga. Sept. 7, 2016) (Story, J.) (finding that expert affidavit filed with a removed complaint pursuant to O.C.G.A. § 9-11-9.1, failed to satisfy the requirements of expert testimony under Fed. R. Civ. P. 26 and 37 and LR 26.2(c), NDGa). Consistent with this authority, this Court should strike the Affidavit because it is an immaterial and impertinent attachment to Plaintiff's Amended Complaint.

### B. The Affidavit is Deficient Because its "Facts" are based on Documents that are not in the Record and were not attached to the Affidavit.

"If a document is referred to in an affidavit, but no sworn or certified copy is attached, the Court should disregard all references to that document." *Lugue v. Hercules, Inc.*, 12 F. Supp. 2d 1351, 1355 (S.D. Ga. 1997);[5] Fed. R. Civ. P.

---

federal court."); *Robinson v. Correctional Medical Associates, Inc.*, Civ. A. 1:09–cv–1509–JOF, 2010 U.S. Dist. LEXIS 59267, 2010 WL 2499994, at *4 (N.D. Ga. June 15, 2010) (Forrester, J.) ("[T]he court finds that the affidavit requirement of O.C.G.A. § 9–11–9.1 is contrary to the Federal Rules of Civil Procedure and does not apply in this case."); *Botes v. Steel*, Civ. A. 108–cv–02854–CAM, 2010 U.S. Dist. LEXIS 25676, 2010 WL 1080752, at *5 (N.D. Ga. Mar. 17, 2010) (Moye, J.) (same); *Larson v. Grayer*, Civ. A. 109–cv–1501–RWS, 2009 U.S. Dist. LEXIS 109776, 2009 WL 4281100, at *1 (N.D. Ga. Nov. 23, 2009) (Story, J.); *Roberts v. Jones*, 390 F. Supp. 2d 1333, 1337 (M.D. Ga. 2005) ("[I]t is well settled law that in a diversity action the Georgia statute, O.C.G.A. § 9-11-9.1, requiring plaintiffs to file an affidavit of an expert is inapplicable.").

[5] S&ME notes that the rule as set out in *Lugue* is based on the former subdivision Fed. R. Civ. P. 56(e)(1) (eff. 1987). However, "[t]he requirement that a sworn or certified copy of a paper referred to in an affidavit or declaration be attached to the affidavit or declaration [was] omitted [in the 2010 amendments to the Federal Rules] as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or

56(c)(1)(A) advisory committee's note (2010) ("Materials that are not yet in the record—including materials referred to in an affidavit or declaration—must be placed in the record."). Huckaba states that his opinion is based on his education, training and experience, and after reviewing "…the plans, specifications, services, and reports provided by Atkins North America, Inc. (hereafter "Atkins") and S&ME, Inc. (hereafter "S&ME") regarding Courtesy Properties, LLC's development." See Aff. ¶ 4. Indeed, the Huckaba Affidavit references several sets of documents that Huckaba reviewed, but are not attached to the Affidavit or otherwise made part of the record:

- Huckaba Aff. ¶ 4 - "materials concerning the Dealership Property which were prepared by QORE, Inc;"
- Huckaba Aff. ¶ 5.a. - Atkins Grading Plan;
- Huckaba Aff. ¶ 5.b. - Engineering Evaluation Reports prepared by QORE; and
- Huckaba Aff. ¶ 6.d. - QORE Reports.

Plaintiff has failed to place these materials in the record or attach them to Huckaba Affidavit in support of Mr. Huckaba's factual assertions, as required by Federal Rule of Civil Procedure 56(c)(1)(A), which governs the presentation of evidence through affidavits. The Court should therefore strike all references to these documents in the Affidavit and Plaintiff's Amended Complaint. See *Welch v. Delta Air Lines, Inc.*, 978 F. Supp. 1133, 1142 (N.D. Ga. 1997) ("Self-serving affidavits

---

dispute of fact be supported by materials in the record." Fed. R. Civ. P. 56(c)(4) advisory committee's note (2010).

without factual support in the record will not defeat a motion …") (*quoting Darnell v. Target Stores*, 16 F. 3d 174, 177 (7th Cir. 1994)).

### C. <u>The Affidavit is Legally Insufficient Because it Relies on Documents that have not been Authenticated and Contains Legal Conclusions instead of Facts.</u>

This Court recognizes that prior versions of Federal Rule of Civil Procedure 56(c) and Federal Rule of Evidence 901(a) require documents to "be authenticated by and **<u>attached to an affidavit</u>** that meets the requirements of Rule [56(c)] and the affiant must be a person through whom the exhibits could be admitted into evidence." *Burnett v. Stagner Hotel Courts, Inc.*, 821 F. Supp. 678, 683, n. 2 (N.D. Ga. 1993), *aff'd* 42 F. 3d 645 (11th Cir. 1994) (emphasis added). Accordingly, the Huckaba Affidavit is legally insufficient because it summarizes documents that have not been authenticated.

Even if the Huckaba Affidavit attached the documents it relies on, Huckaba's assertions are not based on his personal knowledge. Affidavits which "set forth conclusory arguments rather than statements of fact **<u>based on personal knowledge</u>** are improper." *Dortch v. City of Montgomery*, 2:07-cv-1034-MEF, 2010 U.S. Dist. LEXIS 4935, 2010 WL 334740, \*1 (M.D. Ala. Jan. 22, 2010) (emphasis added). Huckaba states that the Affidavit is based on personal knowledge, but the Affidavit does not explain how Huckaba has first-hand, personal knowledge of the content of S&ME's plans, specifications, services, and reports. Huckaba is instead a third-party

who merely states conclusions based on research and documents that have not been presented to this Court.

Further, Huckaba's Affidavit sets forth various conclusions of law, namely that S&ME failed to exercise the requisite standard of care when it prepared and provided geotechnical reports to Courtesy. See Aff. ¶ 8. These opinions constitute legal conclusions and are inadmissible. See *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla.*, 402 F.3d 1092, 1112 (11th Cir. 2005) (affirming decision of district court to strike expert's opinion that Sheriff was "deliberately indifferent" because the opinion constituted legal conclusion, and was unsubstantiated by proffered facts, explanation, or analysis); see also *Burger King Corp. v. Lumbermens Mut. Cas. Co.*, 410 F. Supp. 2d 1249, 1255 (S.D. Fla. 2005) ("An affidavit has no probative value and must be stricken when it contains conclusions rather than statements of fact."); *HomeBingo Network, Inc. v. Chayevsky*, 428 F. Supp. 2d. 1232, 1239 (S.D. Ala. 2006) (". . . affidavits must be rooted in facts, rather than conclusory remarks."); *Seckinger-Lee Co. v. Allstate Insur. Co.*, 32 F. Supp. 2d 1348, 1352 (N.D. Ga. 1998) ("The Court will disregard those portions of the expert affidavit that express solely legal conclusions . . ."). Because the Huckaba Affidavit states that S&ME failed to exercise the required standard of care in preparing its geotechnical reports, but rests its legal conclusions on unauthenticated and inadmissible documents, the Affidavit is due to be struck.

In sum, S&ME moves to strike the Huckaba Affidavit as inadmissible evidence which is irrelevant, unauthenticated, hearsay, and otherwise impermissible pursuant to Federal Rules of Evidence 401, 402, 801, 803, 804, 805, 807, and 901.

### III.   CONCLUSION

In accordance with the legal analysis and arguments above, S&ME respectfully requests this Court strike the Affidavit of Dennis A. Huckaba, P.E. because it is legally insufficient, immaterial, impertinent, redundant, scandalous, and the interests of justice so require.

Respectfully submitted this 7th day of July, 2020.

                                    **FREEMAN, MATHIS, & GARY, LLP**

                                    */s/ Jake Carroll*
                                    Michael Lord
                                    Georgia Bar No. 475830
                                    Jake Carroll
                                    Georgia Bar No. 606804

                                    *Counsel for Defendant S&ME, Inc.*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
Telephone: (770) 818-0000
Facsimile: (770) 937-9960

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing was prepared in accordance with Local Rule 7.1 (D) and typed using 14 pt. Times New Roman, which is approved by the Court in Local Rule 5.1 (C).

This 7th day of July, 2020.

**FREEMAN, MATHIS, & GARY, LLP**

*/s/ Jake Carroll*
Jake Carroll
Georgia Bar No. 606804

*Counsel for Defendant S&ME, Inc.*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
Telephone: (770) 818-0000
Facsimile: (770) 937-9960

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of July, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, causing a copy to be electronically served on counsel of record as more fully reflected on the Notice of Electronic Filing.

This 7th day of July, 2020.

            **FREEMAN, MATHIS, & GARY, LLP**

            */s/ Jake Carroll*
            Jake Carroll
            Georgia Bar No. 606804

            *Counsel for Defendant S&ME, Inc.*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
Telephone: (770) 818-0000
Facsimile: (770) 937-9960