## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| COURTESY PROPERTIES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:20-cv-2097-SDG |
| S&ME, INC., and ATKINS NORTH | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **INITIAL DISCLOSURES OF DEFENDANT S&ME, INC.**

COMES NOW Defendant S&ME, Inc. ("S&ME") and, pursuant to Fed. R.

Civ. P. 26(a)(1) and Local Rule 26.1(B)(1), hereby files its Initial Disclosures.

1.

*If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.*

**RESPONSE:**

**Defendant has been properly identified.**

2.

*Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant*

- 1 -

*contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.*

**RESPONSE:**

**Defendant is not aware of any individuals or entities who are necessary parties to this litigation, but whom Plaintiff has not yet named as a defendant.**

3.

*Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading.*

**RESPONSE:**

**In August of 2017, Plaintiff Courtesy Properties, Inc. ("Courtesy") purchased a property located at 8455 Mall Parkway, Lithonia, Georgia (the "Site") to develop into a car dealership. Shortly thereafter, on August 23, 2017, S&ME and Courtesy signed an Agreement for Services (the "Agreement") to a limited Proposal for Geotechnical Exploration for an approximately 6.1-acre outparcel located at the Site. A Report of Geotechnical Exploration (the "First Report") was produced on September 22, 2017. The Purpose section of the First Report states that S&ME would conduct test borings to evaluate the "conditions" and "characteristics" of soil at the property to assess only the support of a new building and pavements at the property. The Purpose section of the First Report excludes any mention of a recommendation regarding the**

amount of overall topsoil at the property or its removal. The Purpose section also states that the First Report would provide a "summary of the subsurface conditions encountered *in the borings*." (emphasis added).

S&ME conducted eleven borings on the property, using a 3 and ¼ inch Hollow Stem Auger for each boring. Each boring ranged in depth from 3 feet to 15 feet and encountered a variety of subsurface materials. As mentioned in the First Report, some borings were refused when they likely hit boulders or other very hard or very dense material. It is undisputed that the topsoil encountered throughout these eleven borings varied from 3 to 6 inches. At no time does the Report speculate what further borings or exploration may find.

The First Report warns the reader to not misunderstand or extrapolate S&ME's findings. Under the first paragraph following the heading "Subsurface Conditions," the Report states "Information on actual subsurface conditions exists only at the specific boring locations and is relevant to the time the exploration was performed. Variations may occur and should be expected between and away from the boring locations." Importantly, the section concludes that "The stratification lines were used for our analytical purposes and, unless specifically stated otherwise, should not be used as the basis for design or construction cost estimates."

Further, under the "Residual Materials" heading of the "Geologic Conditions" section, the First Report states that weathering has resulted in "erratically varying subsurface conditions, evidenced by abrupt changes in soil type and consistency in relatively short horizontal and vertical distances." Therefore, Defendant S&ME's First Report simultaneously describes erratically varying subsurface conditions at its limited boring locations and clearly instructs Plaintiff to not use the First Report as the basis or design for construction costs.

Plaintiff broke ground on the Site in April 2018. DeKalb Pipeline Company ("DeKalb Pipeline") moved dirt on the site and found topsoil at a mathematical average of 11 inches. On April 10, 2018, DeKalb Pipeline halted grading operations because this average was higher than they expected.

On May 3, 2018, S&ME generated a Measurement of Upper Soil Layer and Organic Content Test Results (the "Second Report") for Courtesy. S&ME visited the Site and took a measurement of the upper soil layer of 21 pits previously excavated at locations spaced over the Site. The upper soil thickness ranged from 2 inches to 22 inches. The mathematical average was 11 inches.

Plaintiff filed suit on April 14, 2020. Its negligence claim is all that remains. S&ME contends that Plaintiff claims fail as a matter of law, as Plaintiff cannot show breach, causation, or damages.

Further, S&ME is not liable for some or all of Plaintiff's damages pursuant to paragraph 8 of the Agreement. That paragraph explicitly states "In no event shall Consultant or Client be liable to the other for any special, indirect, incidental, or consequential loss or damages, including, but not limited to, lost profits, damages for delay, or loss of us arising from or related to Services provided by Consultant." Therefore, S&ME is not liable to Plaintiff to the extent it is seeking recovery for special, indirect, incidental or consequential damages.

Plaintiff's claims are also time-barred pursuant to paragraph 25 of the Agreement. That paragraph states that all lawsuits concerning the work done in the Agreement "will become barred two (2) years from the time the party knew or should have known of the claim, or two (2) years after completion of Consultant's services, whichever occurs earlier." Plaintiff should have known about the claim on April 10, 2018 when Dekalb Pipeline halted grading operation due to issues with the topsoil. This was over two years before Plaintiff's April 14, 2020 lawsuit. Therefore, Plaintiff's claim is time-barred.

However, S&ME services within the agreement were also completed on September 22, 2017 when it completed the First Report, the only service contemplated by the Agreement. Further, Plaintiff's alleged damages purportedly flow from its reliance on this report. And because this report was issued more than two years before Plaintiff's April 14, 2020 lawsuit, Plaintiff's claim is time-barred.

Further, Plaintiff's negligence claim is limited by paragraph 7 of the Agreement. In relevant part, the paragraph states "To the fullest extent permitted by law, Consultant's aggregate liability to Client, including that of Consultant's officers, directors, employees and agents, is limited to $100,000 . . ." The paragraph further states that this limitation of liability applies to all lawsuit, claims or action, whether identified as arising in tort, including negligence. For these reasons, Plaintiff's negligence claim is limited to $100,000.

The remaining defenses in the answer are self-explanatory.

4.

*Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.*

**RESPONSE:**

Defendant intends to rely on *Lanier At McEver, L.P. v. Planners And Engineers Collaborative, Inc.*, 284 Ga. 204, 663 S.E.2d 240, 242 (Ga. 2008); *Warren Averett, LLC v. Landcastle Acquisition Corp.*, 2019 Ga. App. LEXIS 178 at 9-10 (internal citation omitted); *Monitronics Int'l, Inc. v. Veasley*, 746 S.E.2d 793, 802-03 (Ga. Ct. App. 2013), *cert. denied*, 2013 Ga. LEXIS 914 (Ga. Nov. 4, 2013); *Holmes v. Clear Channel Outdoor, Inc.*, 679 S.E.2d 745, 749 (Ga. Ct. App. 2009); *Mauldin v. Sheffer*, 150 S.E.2d 150, 154-55 (Ga. Ct. App. 1966), and all other case law interpreting Plaintiff's state law claims.

*5.*

*Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information. (Attach witness list to Responses to Initial Disclosures as Attachment A.)*

**RESPONSE:**

See Attachment "A."

6.

*Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in F.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment "B").*

**RESPONSE:**

Defendant has not yet retained an expert witness in this case, but it will

**supplement this portion of the Initial Disclosures as necessary.**

7.

*Provide a copy or description by category and location of all documents, data compilations, and tangible things in your possession, custody, or control that are relevant to disputed facts alleged with particularity in the pleadings. (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C).*

**RESPONSE:**

**See Attachment "C."**

8.

*In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of or describe by category and location of the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under F.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D).*

**RESPONSE:**

**Defendant is not claiming or seeking compensation for any injuries, losses or other damages in this civil action, aside from attorney's fees and costs.**

9.

*If the defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.*

**RESPONSE:**      **None known at this time.**

10.

*Attach for inspection and copying as under F.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E).*

**RESPONSE: There is a policy of insurance that has been issued by XL Catlin Specialty Insurance which may provide a defense as well as potential coverage in the event of a judgment. A copy of the applicable declarations page will be provided at a mutually convenient time and place.**

This 8th day of February, 2021.

Respectfully submitted,

FREEMAN, MATHIS & GARY, LLP

*/s/ Thomas B. Ward*
Thomas B. Ward
Georgia Bar No. 153081
Michael W. Lord
Georgia Bar No. 457830
*Attorneys for Defendant S&ME, Inc.*

**ATTACHMENT A**

Defendant has not completed its discovery in this case and reserves the right to amend and/or supplement this response.  However, at the present time, Defendant believes that the following individuals possess knowledge or information relevant to the claims and defenses at issue in this civil action:

1. Kenneth A. Ball, Principal Materials/Geotechnical Engineer for S&ME, Inc., who may be contacted through Defendant's counsel. He is expected to have knowledge of information regarding the allegations contained in Plaintiff's Complaint, Defendant's reports, and Defendant's defenses;

2. Timothy J. Mirocha, Principal Geotechnical Engineer for S&ME, Inc., who may be contacted through Defendant's counsel. He is expected to have knowledge regarding Defendant's reports and Defendant's defenses;

3. Anthony W. Roth, Engineer for QORE Property Sciences, who may be contacted through Defendant's counsel. He is expected to have knowledge of Defendant's reports and Defendant's defenses;

4. James McGirl, Principal Engineer for S&ME, Inc., who may be contacted through Defendant's counsel. He is expected to have knowledge regarding Defendant's reports and Defendant's defenses;

5. Nathan Price, Laboratory Manager for S&ME, Inc., who may be contacted through Defendant's counsel. He is expected to have knowledge regarding Defendant's reports and Defendant's defenses;

6. Jimmy Hanson, Technician for S&ME, Inc., who may be contacted through Defendant's counsel. He is expected to have knowledge regarding Defendant's reports and Defendant's defenses;

7.     Mark J. Tilashalski, Engineer in Training Staff Professional, who may be contacted through Defendant's counsel. He is expected to have knowledge regarding Defendant's reports and Defendant's defenses;

8.     All individuals and entities identified in Plaintiff's initial disclosures;

9.     Any witness needed for the purposes of impeachment or rebuttal; and

10.    Defendant reserves the right to supplement the disclosure of persons with discoverable information as discovery proceeds in this civil action.

## **ATTACHMENT B**

At this time, Defendant has not identified any expert witness that it intends to call to testify at a trial in this civil action. However, should this change at some point in the future, Defendant will supplement this disclosure as it becomes appropriate to do so.

## ATTACHMENT C

Defendant asserts that the following documents and materials may be relevant

to the disputed issues in this action:

1.     Asset Purchase Agreement By, Between and Among QORE, Inc. and S&ME, Inc., February 16, 2010;

2.     Proposal for Geotechnical Exploration, August 21, 2017;

3.     Agreement for Services between S&ME, Inc. and Courtesy Properties, Inc., August 23, 2017;

4.     Report of Geotechnical Exploration, September 22, 2017;

5.     Measurement of Upper Soil Layer and Organic Content Test Results, May 3, 2018;

6.     Courtesy Properties, Inc.'s Notice of Claim, June 1, 2018;

7.     Any and all documents identified in Plaintiff's Initial Disclosures, unless objected to by Defendants;

8.     Any documents produced by Plaintiff during discovery; and

9.     Any other documents and tangible things that might be identified during discovery in this action.

## ATTACHMENT E

A copy of the applicable declarations page will be provided at a mutually convenient time and place.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

COURTESY PROPERTIES, LLC        )
                                )
     Plaintiff,              )
                                )
V.                              )        CIVIL ACTION FILE NO.
                                )        1:20-cv-2097-SDG
S&ME, INC., and ATKINS NORTH    )
AMERICA, INC.                   )
                                )
     Defendants.             )

## CERTIFICATE OF SERVICE

I hereby certify that on this day I filed the foregoing **INITIAL DISCLOSURES OF DEFENDANT S&ME, INC.** with the Clerk of Court via the CM/ECF System, through which the following counsel of record will be served via e-mail:

Christopher P. Twyman — chris.twyman@cbtjlaw.com
M. West Evans — west.evans@cbtjlaw.com
COX, BYINGTON, TWYMAN & JOHNSON, LLP
**Counsel for Plaintiff Courtesy Properties, LLC**

John M. Hamrick — john.hamrick@hklaw.com
Grant Edward Lavelle Schnell — grant.schnell@hklaw.com
HOLLAND & KNIGHT LLP
**Counsel for Defendant Atkins North America, Inc.**

- 15 -

This 8th day of February, 2021.

/s/ Thomas B. Ward
Thomas B. Ward
Georgia Bar No. 153081
Michael W. Lord
Georgia Bar No. 457830
*Attorneys for Defendant S&ME, Inc.*